UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRYAN KEITH COTTLE & DIVINE KING )
KINGDOM, )
 )
    Plaintiff, )
 )
  vs. ) Case No. 4:19-CV-3301 SRC
 )
U.S. DISTRICT COURT, EASTERN )
DISTRICT OF MISSOURI, )
 )
    Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the submission by *pro se* plaintiff "Bryan Keith Cottle & Divine King Kingdom"[1] of a civil complaint and an application to proceed without prepaying court fees or costs. Upon consideration of the application and the financial information provided therein, the Court finds that plaintiff is unable to pay the required filing fee. As such, the filing fee will be waived in this matter. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons explained below, the Court will dismiss the complaint because it is frivolous and fails to state a claim upon which relief may be granted.

**I.    Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* (or without prepayment of court fees and costs) if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who

---

[1] It is unclear from the wording in the complaint caption whether this case is being filed by one or two plaintiffs. *See* Doc. 1 at 1. The Court notes that the docket sheet reflects two plaintiffs in this matter: "Bryan Keith Cottle" and "Divine King Kingdom." However, based on other sections of the complaint, including the list of parties (one named plaintiff: "Bryan Keith Cottle, Divine King Kingdom") and the statement of the claim (where plaintiff describes himself as the "Divine King Kingdom"), the Court interprets the complaint as being brought by a single plaintiff. *Id.* at 2, 5.

is immune from such relief.  To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The term "frivolous, when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* (internal quotations omitted).  While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke,* 490 U.S. at 327).  Allegations are clearly baseless if they are "fanciful," "fantastic," "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* at 32-33.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the

district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

## II. The Complaint

Plaintiff filed the instant complaint against this United States District Court. He invokes this Court's federal question jurisdiction and claims that this case involves "ALL AMENDMENTS US CONSTITUTION, DECLARATION OF INDEPENDENCE, TREATY OF PARIS, TREATY OF VERSAILLES, MAGNA CARTA." Doc. 1 at 3. For the amount in controversy in this matter, plaintiff states: "PAST DUE NEVER RECEIVED ANYTHING." *Id.* at 4.

According to plaintiff, the United States "intentionally harassed [him], intentionally allowed bounties on [him], intentionally discriminated against [him] and failed to protect [his] Civil Liberties." *Id.* at 5. He claims that these things happened in 1978 and resulted in injuries of "inflamed memories." *Id.* Plaintiff describes what happened to him as follows:

> I was born the Alpha, I was born Royalty-born Divine King Kingdom meaning (God) owner, creator, protector of all natural things meaning this world. I was born Chief Enforcer of Divine Law meaning Supreme Law of Life (WORLD), meaning only seat at High Table (Highest Court of Law). I was born Kind of the zodiac science meaning Lion King of the jungle head Astrologist, Doctor of Life, Zeus of the Galaxy. I was born a devil hunter.
> I was born Lord over the World meaning Ruler, Master. I was born Royal African King by ancient pure DNA meaning original inhabitants of Life, 1st generation Heir King of Africa, 1st Heir (Son) DNA of Divine Godfather. I inherited Head of African American Family mafia on my Grandfather death in

> 2007 https://www.findagrave.com/memorial/81363451/ezekiel-pickens#view-photo=139339561.
> I inherited (position) Lord of the federal Five Civilized tribes in 2007 on my grandfather's death.
> I was (Honored) Lord of the Federal Recognized Five Civilized tribes and all federal and non federal tribes of the world through Ritual Ceremony in 2017. I was born a US citizen.

*Id.* For relief, plaintiff seeks custody of his prince son, he wants all tribal assets released to him, and he wants to be sole monarch over the United States. Plaintiff also demands that "DONALD J TRUMP THE 45TH PRESIDENT TERM BE TERMINATED AND HE STAND TRIAL FOR HIS CRIMES." *Id.*

## III. Discussion

Having reviewed and liberally construed the complaint, the Court is unable to discern plaintiff's claims. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even *pro se* plaintiffs are required to set out not only their alleged claims in a simple, concise, and direct manner, but also the facts in support of such claims. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, plaintiff has not done so. While this Court must liberally construe *pro se* filings, this Court will not construct claims or assume facts that plaintiff has not alleged. The allegations of plaintiff's complaint fail to state a claim upon which relief may be granted.

Additionally, the Court finds the factual allegations in the complaint to be delusional and fanciful. Plaintiff's allegations and his prayer for relief are nonsensical and "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Plaintiff claims to be "God," "Chief Enforcer of Divine Law," "King," and "Lord over the World." Doc. 1 at 5. He seeks to be "sole monarch over USA replacing the traditional democracy … for infinity unchangeable."

4

*Id.* The Court finds that plaintiff's allegations are clearly baseless as defined in *Denton*. The Court will therefore dismiss this action as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2).

## IV. Warning as to Abuse of the Litigation Process

It is well settled in the Eighth Circuit that this Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power." *See Bass v. Gen. Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998). This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

With that in mind, the Court warns Plaintiff that the filing of frivolous lawsuits is an abuse of the litigation process. Plaintiff is advised that if he continues to file such lawsuits, the Court may impose restrictions on his ability to file such lawsuits, including the denial of his ability to proceed in forma pauperis or to file such cases in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed without prepaying fees or costs [2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of January, 2020.

*SL R. CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE